2 COPIES OF COMPLAINT WITH ORIGINAL AND 2 COPIES OF SUMMONS AND MAGISTRATE CONSENT FORM ISSUED TO COUNSEL FOR PLAINTIFF ON 5-8-07

2007 MAY -8 PM 2:06

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DAVID KINNEY, as personal representative for the ESTATE of RICHARD KINNEY,** | ) | **CASE No:** |
| | ) | 1:07 CV 1336 |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | |
| **DAVOL, INC., and C.R. BARD, INC.,** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Defendants.** | ) | |

JUDGE POLSTER
MAG. JUDGE VECCHIARELLI

## Parties

1. At all relevant times hereto, Decedent, RICHARD KINNEY ("Mr. KINNEY"), was a resident and citizen of the state of Ohio. On March 9, 2004, Mr. KINNEY suffered death from complications with the defective Composix Kugel Patch. David Kinney is serving as personal representative and executor of the Estate of Mr. KINNEY in this action. The estate is pending in Stark County, Ohio.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate

parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

**Jurisdiction**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because this is an action by an individual Plaintiff who is a citizen of a different state from the Defendant.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendants are located in this District, manufactured and advertised the subject Kugel Composix Hernia Patches in this District, received substantial compensation and profits from sales of Kugel Composix Hernia Patches in this District, and made material omissions and misrepresentations and breached warranties in this District.

**Facts**

6. Defendant DAVOL designed, manufactured and distributed the Composix Kugel Patch, a hernia mesh patch that was inserted into Mr. KINNEY's body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Composix Kugel Patch that was inserted into Mr. KINNEY's body.

8. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this

510k Application the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

9. On October 27, 2003, Mr. KINNEY had an incisional hernia repaired at the Summa Akron City Hospital in Akron, Ohio. Mr. KINNEY was implanted with a "Composix Kugel Hernia Patch 25.4cm x 33cm, REF 0010207, LOT 43FND047" by Dr. Gary Williams.

10. The Composix Kugel Patch hernia repair product implanted in Mr. KINNEY was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

12. On December 22, 2005, DAVOL recalled many sizes of Composix Kugel Patches under a Class I recall notice.

13. The Composix Kugel Patch was recalled due to a faulty "memory recoil ring" that can break or fail under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

14. On March 24, 2006, the initial Class I recall on the Composix Kugel Patch was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh product.

15. On January 10, 2007, the existing recall on the Composix Kugel Patch was again expanded to encompass further production lots of the defective hernia mesh

Case 1:07-cv-01336-LDA Document 1 Filed 08/25/2007 Page 4 of 20

product.

16. On January 31, 2004, while in Arkansas with his wife, Mr. KINNEY had to be admitted to Arkansas UAMC after presenting with severe symptoms of bowel obstruction.

17. On February 3, 2004, CT scans showed that Mr. Kinney had a bowel obstruction at the hernia repair site.

18. Mr. KINNEY had immediate partial bowel resection with lysis of adhesions; however, Mr. KINNEY's condition continued to deteriorate. Twenty four hours later, Mr. KINNEY was returned to the operating room for further surgical treatment and found to have further segments of abdominal ischemia and an infarcted aplenectomy and antrectomy was performed.

19. On or about February 9, 2004, with his condition continuing to worsen, Mr. KINNEY was returned to the operating room for another small bowel anastomosis and more lysis of adhesions. At this time, Mr. KINNEY's small bowel and spleen had to be removed. Subsequently, Mr. Kinney developed a right side hemorrhage and enterocutaneous fistulas at and around the Composix Kugel Patch implant site. Systemic inflammatory response syndrome and multiple system failure ensued.

20. On March 5, 2004, Mr. KINNEY was airlifted to Aultman Hospital to be closer to his family when it was determined that his condition was irreversible and fatal.

21. Mr. KINNEY died on March 9, 2004 while still at the Aultman Hospital. The primary cause of death was acute respiratory failure secondary to small bowel ischemia due to intra abdominal complications which caused complete systemic failure.

22. It is noted by Dr. Williams on March 9, 2004 that "...the mesh had

wrapped around the bowel and caused an infarction."

23. The family of Mr. KINNEY did not, and could not, become aware of the inherently dangerous and defective nature of the Composix Kugel Patch which had been implanted in Mr. KINNEY, and directly resulted in his death, until after DAVOL and BARD chose to first make public notice of the defect with their recall notices.

24. DAVOL and BARD withdrew a large number of Composix Kugel Patches as a result of the high complication and failure rate of the product.

25. Upon information and belief, DAVOL and BARD failed to comply with the FDA application and reporting requirements.

26. Upon information and belief, DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Composix Kugel Patch before it was recalled.

27. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

28. Upon information and belief, the complications and failures associated with the Composix Kugel Patches are not limited to the sizes which DAVOL and BARD has already recalled.

29. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches in the face of the high degree of complication and failure rates.

**COUNT I**
**Wrongful Death**

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. As a direct and proximate result of the acts, omissions, conduct, negligent conduct, wanton conduct, wrongful act, strict liability or acts and any and all other conduct civilly actionable and giving rise to the basis and justification of an award for damages, Mr. KINNEY was surgically implanted with Defendants inherently dangerous and defective Composix Kugel Patch, a defect in which caused his death.

32. BARD and DAVOL are liable to Plaintiff due to the previously described acts, omissions, negligent conduct, wanton conduct, wrongful act or acts and for all conduct, acts and omissions which directly and proximately resulted in the death of Mr. KINNEY.

33. BARD and DAVOL intentionally withheld information regarding the safety of the Composix Kugel patch which was implanted in MR. KINNEY and continued to withhold this information from Mr. KINNEY's family and the public until the companies decided it was an advantageous time for them to issue the recall notices.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs. Plaintiff further requests a judgment for punitive damages for the wrongful death of Mr. KINNEY for a reasonable sum of money based upon the facts and circumstances of this particular matter as the jury deems fair and just, plus costs and interest, and for other such relief this Court, and the Ohio wrongful death statute, deems just and appropriate.

## COUNT II
## Negligence

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. Defendants DAVOL and BARD were negligent to Mr. KINNEY in the following respects:

36. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label. distribute. market. examine. maintain, supply, provide proper warnings and prepare for use the Composix Kugel Patch.

37. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known. that the Composix Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected. packaged, labeled, distributed, marketed. examined. sold supplied. prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Composix Kugel Patch's users.

38. DAVOL and BARD so negligently and carelessly designed, manufactured. tested, failed to test. inspected, failed to inspect, packaged. labeled. distributed. recommended. displayed. sold. examined. failed to examine and supplied the Composix Kugel Patch. that they were dangerous and unsafe for the use and purpose for which it was intended.

39. DAVOL and BARD were aware of the probable consequences of the Composix Kugel Patch. DAVOL and BARD knew or should have known the Composix Kugel Patch would cause serious injury: they failed to disclose the known or knowable risks associated with the Composix Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences. and in doing so. DAVOL and BARD

acted in conscious disregard of the safety of Mr. KINNEY.

40. Defendants DAVOL and BARD owed a duty to Mr. KINNEY to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Composix Kugel Patch and the resulting harm and risk it would cause patients.

41. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Composix Kugel Patch.

42. As a direct and proximate result of the duties breached, the Composix Kugel Patch used in Mr. KINNEY's hernia repair surgery failed, resulting in Mr. KINNEY suffering pain and harm.

43. As a direct and proximate result of DAVOL's and BARD's negligence, Mr. KINNEY has suffered injuries and damages.

44. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other

Case 1:07-cv-01836-LDA Document 1 Filed 05/25/2007 Page 9 of 20

such relief this Court deems just and appropriate.

**COUNT III**
**Violation of the Ohio Deceptive Trade Practices Act**

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

46. Defendants DAVOL and BARD engaged in unfair and deceptive trading practices with the Mr. KINNEY in the following respects:

47. Defendants DAVOL and BARD are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Composix Kugel Patch for hernia repair surgery.

48. Defendants DAVOL and BARD knowingly committed unfair and deceptive practices in their study, test, design, development, manufacture, inspection, production marketing, promotion, advertising, distribution and/or sale of the Composix Kugel Patch for hernia repair surgery.

49. Defendants DAVOL and BARD knowingly committed unfair and deceptive practices when they failed to safely design and construct an effective Composix Kugel Patch for hernia repair surgery.

50. While Defendants DAVOL and BARD knew or reasonably should have known that some Composix Kugel Patches were at risk while they were engaged in the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and or selling of the Composix Kugel Patch for hernia repair surgery, specifically that the "memory recoil ring" upon being subjected to stress after placement in the intra-abdominal space posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of severe harm

and death to patients.

51. DAVOL and BARD did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall.

52. DAVOL and BARD did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Composix Kugel Patches which were susceptible to failure and subject to the Class I recall.

53. DAVOL and BARD failed to give adequate warnings regarding the use and potential problems with such patches used for hernia repair.

54. DAVOL's and BARD's actions occurred while they were engaged in trade and commerce. and all of the conduct occurred during the course of their business.

55. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT IV**
**Strict Product Liability**

56. Plaintiff re-alleges and incorporates by reference each and every allegation

contained in the preceding paragraphs as though fully set forth herein.

57. Defendants DAVOL and BARD are strictly liable to Mr. KINNEY in the following respects:

58. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

59. The Composix Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. Mr. KINNEY's Composix Kugel Patch was a Class I recalled device that failed while in his body causing him to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of his Composix Kugel Patch.

60. At all times mentioned, the Composix Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

61. The Composix Kugel Patch implanted into Mr. KINNEY was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

62. The Composix Kugel Patches, like the one found in Mr. KINNEY, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Mr. KINNEY as follows:

i. The Composix Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Composix Kugel Patch as designed and manufactured was unsafe to Mr. KINNEY;

Case 1:07-cv-01636-DLB Document 1 Filed 11/15/2007 Page 12 of 20

iii. The Composix Kugel Patch as designed and manufactured was unreasonably dangerous to Mr. KINNEY;

iv. The Composix Kugel Patch did not perform safely as an ordinary consumer/patient, like Mr. KINNEY, would expect;

v. The Composix Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Composix Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Composix Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Composix Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Composix Kugel Patches for hernia repair surgery as will be learned during discovery.

63. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT V**
**Negligent Infliction of Emotional Distress**

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

65. Defendants DAVOL and BARD are liable to Mr. KINNEY for the negligent infliction of emotional distress in the following respect:

66. Mr. KINNEY suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Composix Kugel Patch for hernia repair surgery.

67. Mr. KINNEY suffered severe emotional distress, which was as a result of DAVOL's and BARD's negligent conduct in failing to adequately and safely design and construct an effective and safe Composix Kugel Patch for hernia repair surgery.

68. Therefore, DAVOL and BARD are liable to Mr. KINNEY.

69. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VI
## Intentional Infliction of Emotional Distress

70. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

71. Defendants DAVOL and BARD are y liable to Mr. KINNEY for the intentional infliction of emotional distress in the following respect:

72. Mr. KINNEY suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Composix Kugel Patch for hernia repair surgery.

73. Mr. KINNEY suffered severe emotional distress, which was as a result of DAVOL's and BARD's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Composix

Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Mr. KINNEY.

74. Therefore, DAVOL and BARD are liable to Mr. KINNEY.

75. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Composix Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## COUNT VII
## Breach of Implied Warranty

76. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

77. Defendants DAVOL and BARD are liable to Mr. KINNEY for their breach of implied warranty in the following respect:

78. DAVOL and BARD sold the Kugel Patch which was implanted in Mr. KINNEY. DAVOL and BARD impliedly warranted to Mr. KINNEY, his physicians and health care providers, that the Composix Kugel Patch was of merchantable quality and safe for the use for which they were intended.

79. DAVOL and BARD knew or should have known that the Composix Kugel

Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

80. Mr. KINNEY, his physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Composix Kugel Patch was fit for such use.

81. When the Composix Kugel Patches was distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

82. Mr. KINNEY suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

**COUNT VIII**
**Failure to Warn**

83. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

84. In the course of business, DAVOL and BARD designed, manufactured and sold the

Composix Kugel Patch for hernia repair surgeries.

85. At the time of the design, manufacture and sale of the Composix Kugel

Case 1:07-cv-01636-LAP Document 1 Filed 05/25/2007 Page 17 of 20

Patch, and more specifically at the time Mr. KINNEY received the Composix Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Composix Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Composix Kugel Patch.

86. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Composix Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

87. The dangerous and defective conditions in the Composix Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Mr. KINNEY had his hernia repair surgery the Composix Kugel Patch was in the same condition as when manufactured, distributed and sold.

88. Mr. KINNEY did not know at the time of use of the Composix Kugel Patch, not at any time prior thereto, of the existence of the defects in the Patches.

89. Mr. KINNEY suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

90. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products

were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

**Wherefore**, Plaintiff respectfully requests judgment in his favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs.

## COUNT IX
## Constructive Fraud

91. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

92. Defendants, while in possession of unique and pertinent information involving the safety and mechanical reliability of its Kugel Composix Hernia Patches, presented its Kugel Composix Hernia Patches as mechanically sound and failed to warn of its inherent design and/or manufacturing defects. Defendants suppressed this information and continued sales and marketing of its product to the general public. Defendants knew or should have known Plaintiff had no means, other than Defendant's full, accurate, and objective disclosure, of obtaining the relevant information.

93. Through their unique knowledge and expertise regarding the affected nature of the Kugel Composix Hernia Patches, and through their statements to physicians and their patients in advertisement, promotional materials, and other communications, Defendants professed and affirmed to the Plaintiff their knowledge of the truth of the representation that the Kugel Composix Hernia Patches were safe for their intended use and were free from design and/or manufacturing defects.

94. Defendants' misrepresentations and omissions were made intentionally to

induce Plaintiff to purchase Defendants' Kugel Composix Hernia Patches, in order to reap the high profit margin relating to the Kugel Composix Hernia Patches.

95. Defendant's conduct took unconscionable advantage of its dominant position of knowledge, engaging in constructive fraud in its relationship with Plaintiff. Misled by this veil of fraud, the Plaintiff reasonably relied on Defendant's representations.

**Wherefore**, Plaintiff respectfully requests judgment in his favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs.

## COUNT X
## Misrepresentation by Omission

96. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

97. Defendants misrepresented the mechanical soundness and reliability of the Kugel Composix Hernia Patches to the general public through promotional and marketing campaigns. Defendants continued this misrepresentation for an extended period of time, without disclosing material information regarding the defective, hazardous, and harmful complications relating to the Kugel Composix Hernia Patches.

98. Defendants took advantage of the limited ability Plaintiff had to discover Defendants' strategic and intentional concealment of the defects in their Kugel Composix Hernia Patches.

99. Defendants concealed these design and/or manufacturing defects from the public by withholding information pertaining to the inherent design and/or manufacturing defects and high risks of failure relating to the Kugel Composix Hernia Patches, and

presenting the devices as sound and reliable.

100. Defendants' intentional misrepresentations and omissions were made willfully, wantonly or recklessly to Plaintiff. the public at large, and Plaintiff's surgeons to induce the purchase of Defendants' Kugel Composix Hernia Patch over other hernia mesh repair systems on the market.

101. Defendants knew or should have known of the high risk the Plaintiff would encounter by unwittingly agreeing to have implanted one of Defendants' defectively designed and/or manufactured Kugel Composix Hernia Patches.

**Wherefore**, Plaintiff requests a judgment against DAVOL and BARD for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.**

By his Attorneys,

C. Richard Eshelman (0002724)
ESHELMAN LEGAL GROUP
263 Portage Trail, Ext. W
Cuyahoga Falls. OH 44223
330-376-3572
220-471-2227

Jon C. Conlin
Ernest Cory
Craig P. Niedenthal
Stephen R. Hunt, Jr.
CORYWATSON CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, Alabama 35209
205-328-2200
205-326-7896

Dated: